UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LAURA HERNANDEZ** | **CASE NO. 6:26-CV-0026 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **BRIAN ACUNA, ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING AND ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and a Motion for Order to Show Cause (Doc. 4), filed by Petitioner Laura Hernandez ("Hernandez"), an immigration detainee at the South Louisiana ICE Processing Center, in Basile, Louisiana. For reasons that follow, the Petition is GRANTED, and Respondents shall hold an individualized bond hearing within seven days. The Motion for Order to Show Cause is DENIED as MOOT.

### BACKGROUND

Hernandez is a native and citizen of Mexico who alleges that she entered the United States in 2005. Doc. 1 at 4. She asserts that she was arrested during a traffic stop of a vehicle in which Hernandez was a passenger. *Id.*

Hernandez asks the Court to order Respondents to release her or conduct a bond hearing because her detention is governed by 8 U.S.C. § 1226(a). She also seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 1226(a). Doc. 1 at 8.

Respondents maintain that Hernandez is detained under 8 U.S.C. § 1225(b), and is therefore not entitled to a bond hearing. Respondents also seek dismissal of the U.S. Attorney General and the Executive Office for Immigration Review ("EOIR").

## LAW AND ANALYSIS

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) ("A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law."). As the Court has previously determined, the jurisdictional bars raised by Respondents are inapplicable. *See Martinez v. Rice*, 25-cv-1780, 2025 WL 3554620 (W.D. La., Dec. 11, 2025). Neither 8 U.S.C. § 1252(b) nor § 1252(g) divest the Court of jurisdiction. *Id.*

This Court has rejected Respondents' arguments in recent cases that presented the same core issue. *See Hernandez v. Jordan,* 3:25-cv-1735 (W.D. La., Jan. 12, 2026), R. Doc. 14; *Martinez v. Rice*, 25-cv-1780, 2025 WL 3554620 (W.D. La., Dec. 11, 2025). The Court's reasons for granting habeas relief in those cases apply here.

Section 1225(b)(2) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings. 8 U.S.C. § 1225(b)(2)(A). Under § 1225(b)(2), detention is required if "(1) the person is an 'applicant for admission'; (2) the person is 'seeking admission'; and (3) an 'examining immigration officer determines' the person 'is not clearly and beyond a doubt entitled to be admitted.'" *Granados v. Noem*, 2025 WL 3296314, at *6 (W.D. Tex. Nov. 26, 2025) (citing 8 U.S.C. § 1225(b)(2)(A); *Lopez Benitez v. Francis*, 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

As recognized by Judge Rodriguez in the Western District of Texas, the key terms in § 1225(b)(2)(A) that direct this Court's analysis are defined in statute:

> The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id*. § 1101(a)(13)(A).

*Id.* The statutory definitions of these terms and their plain meaning are dispositive. "Admission" means lawful entry. Hernandez was not an applicant for admission when she was detained by ICE officials because she was not seeking lawful entry into the United States at that time. Rather, Hernandez had been residing within the United States for 20 years.

This conclusion is further supported by most courts—including this very Court—that have concluded that detention of aliens already present in the United States is governed by § 1226(a), entitling them to an individualized bond hearing. *See Martinez v. Rice*, 2025 WL 3554620 (collecting cases).

Additionally, based on this Court's reading of *Jennings v. Rodriguez*, 583 U.S. 281, 292–93 (2018), the Supreme Court interpreted §§ 1225(b) and 1226(a) holistically, contrary to Respondents' assertion. The *Jennings* Court understood § 1225(b) to control the detention of aliens "at the Nation's borders and ports of entry." *Jennings*, 583 U.S. at 287. The Supreme Court's "language does not indicate broad application to all unadmitted immigrants in the United States. Rather … this language indicates that § 1225(b)(2) applies to those arriving in the country." *Morales Chaves v. Dir. of Detroit Field Off.*, 2025 WL 3187080, at *5 (citing *Contreras-Cervantes v. Raycraft*, 2025 WL 2952796, at *7 (E.D. Mich. 2025)). The *Jennings* Court distinguished §§ 1225(b) and 1226(a) to ensure that these sections would function in concert, not in conflict. *See Jennings*, 583 U.S. at 289. This Court will neither create such a conflict nor render § 1226(a) without effect.

Until she has a final order of removal, Hernandez is detained under § 1226 and, as such, she is entitled to bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Hernandez also requests attorney's fees under the EAJA. Because fees under the EAJA are not available in habeas corpus proceedings, Hernandez's request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

Accordingly, **IT IS ORDERED** that the Petition is **GRANTED** and that Respondents shall provide Hernandez an individualized bond hearing before an immigration judge under Section 1226(a), within **seven (7) days** of the date of this Memorandum Ruling and Order.

**IT IS FURTHER ORDERED** that the Motion for Order to Show Cause (Doc. 3) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the request for attorney's fees under the EAJA is **DENIED**.

ALEXANDRIA, LOUISIANA, this 26th day of January, 2026.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE